# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON LASHAWN MILLIGAN, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 15-1195 |
| v. | )<br>) Hon. Nora Barry Fischer |
| RICH ANDRASCIK, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Ramon Lashawn Milligan filed this pro se prisoner civil rights action against Defendants on September 14, 2015, (Docket No. 1), and the case was assigned to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule of Civil Procedure 72.G. On January 17, 2017, Magistrate Judge Lenihan issued orders: (1) denying Plaintiff's Motion for Default Judgment as moot, (Docket No. 86); (2) entering a response/briefing schedule relative to Defendants' Motion to Dismiss for Failure to State a Claim, (Docket No. 87); and (3) granting Defendants' Motion for Extension of Time to Answer Plaintiff's Second Amended Complaint, (Docket No. 88). On January 18, 2017, Plaintiff filed an appeal of Magistrate Judge Lenihan's orders entered at Docket Nos. 86, 87, and 88. (Docket No. 90). After an independent review of Plaintiff's Motion for Default Judgment, (Docket No. 79); Magistrate Judge Lenihan's order denying the motion as moot, (Docket No. 86); Magistrate Judge Lenihan's response/briefing schedule relative to Defendants' Motion to Dismiss for Failure to State a Claim, (Docket No. 87); Defendants' Motion for Extension of Time to Answer Plaintiff's Second Amended Complaint, (Docket No. 81); Magistrate Judge

1

Lenihan's order granting the motion, (Docket No. 88); and Plaintiff's appeal, (Docket No. 90), Plaintiff's appeal [90] is DENIED.

By way of background, Plaintiff filed an Amended Complaint in this matter on August 31, 2016, after Magistrate Judge Lenihan granted him leave to amend. (Docket Nos. 56, 58). On December 16, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, which the Court granted. (Docket Nos. 72, 73). Plaintiff filed his Second Amended Complaint on December 22, 2016, at which time Defendants' initial Motion to Dismiss Plaintiff's Amended Complaint was still pending. (Docket Nos. 68, 75). Magistrate Judge Lenihan denied Defendants' initial Motion to Dismiss Plaintiff's Amended Complaint on December 30, 2016, explaining that the motion was moot as a result of Plaintiff having filed his Second Amended Complaint. (Docket No. 76).

On January 13, 2017, Plaintiff filed a Motion for Entry of Default against Defendants and a Motion for Default Judgment against Defendants. (Docket Nos. 78, 79). Although Plaintiff has not appealed Magistrate Judge Lenihan's order denying Plaintiff's Motion for Entry of Default, (*see* Docket No. 90), the Court notes that the motion was denied on January 17, 2017, (*see* Docket No. 85). In denying Plaintiff's Motion for Entry of Default, Magistrate Judge Lenihan concluded that Defendants had averred good cause for having calendared their deadline as January 17, 2017. (Docket No. 85; *see also* Docket No. 80). Magistrate Judge Lenihan also explained that the amended Federal Rules of Civil Procedure provide a response time of fourteen days when service is made electronically and seventeen days when service is made by mail. (Docket No. 85). Noting that this case is unclear as to the method of service, Magistrate Judge Lenihan determined that "the drastic remedy of default judgment is not appropriate under the circumstances." (*Id.*). Having denied Plaintiff's Motion for Entry of Default, Magistrate Judge

Lenihan denied Plaintiff's Motion for Default Judgment as moot, explaining that Plaintiff's Motion for Default was denied, "rendering the Motion for Default Judgment moot." (Docket No. 86).

As noted above, Plaintiff has appealed Magistrate Judge Lenihan's order denying Plaintiff's Motion for Default Judgment as moot. (Docket No. 90). Having reviewed Plaintiff's Motion for Entry of Default against Defendants and Motion for Default Judgment against Defendants, (Docket Nos. 78, 79), and Defendants' Response in Opposition, (Docket No. 80), the Court finds that Magistrate Judge Lenihan appropriately denied Plaintiff's Motion for Entry of Default. Specifically, the Court concludes that Magistrate Judge Lenihan properly found good cause for Defendants having calendared their deadline as January 17, 2017. As Defendants state in their response, they calendared their response deadline as January 17, 2017 because January 14 was a Saturday, January 15 was a Sunday, and January 16 was a legal holiday. (Docket No. 80 at 2). Moreover, the record is unclear as to the method of service in this case. As Magistrate Judge Lenihan stated, the Federal Rules of Civil Procedure provide a response time of fourteen days when service is made electronically and seventeen days when service is made by mail. (Docket No. 85); *see also* FED. R. CIV. P. 6. Given these circumstances, the Court agrees that "the drastic remedy of default judgment is not appropriate." (Docket No. 85). Because Magistrate Judge Lenihan appropriately denied Plaintiff's Motion for Entry of Default, Plaintiff's Motion for Default Judgment was rendered moot. Accordingly, the Court must deny Plaintiff's appeal of Magistrate Judge Lenihan's order denying his Motion for Default Judgment as moot.

Similarly, the Court finds that Magistrate Judge Lenihan appropriately granted Defendants' Motion for Extension of Time to Answer Plaintiff's Second Amended Complaint.

(Docket No. 88). As discussed above, Defendants stated good cause for having calendared their deadline as January 17, 2017, as January 16 was a legal holiday, and January 14 and 15 were excluded for purposes of computing time. *See* FED. R. CIV. P. 6(a)(1)(C), (a)(6)(A). Moreover, because the record is unclear as to the method of service in this case, Defendants' deadline may have been seventeen, rather than fourteen, days. *See id.* Defendants responded to Plaintiff's Second Amended Complaint by filing a Motion to Dismiss on January 17, 2017. (Docket No. 83). Thus, the Court must deny Plaintiff's appeal of Magistrate Judge Lenihan's order granting Defendants' Motion for Extension of Time to Answer Plaintiff's Second Amended Complaint.

Finally, the Court concludes that Magistrate Judge Lenihan appropriately entered a response/briefing schedule relative to Defendants' Motion to Dismiss for Failure to State a Claim. (Docket No. 87). As previously noted, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on January 17, 2017. (Docket No. 83). In the response/briefing schedule, which was entered on January 17, 2017, Plaintiff's response is due by February 7, 2017. (Docket No. 87). Magistrate Judge Lenihan's order is in accordance with her Practices and Procedures, which provide that "[r]esponses to motions to dismiss shall be filed within twenty-one (21) days of service." *See* Practices and Procedures of Magistrate Judge Lisa Pupo Lenihan § II.D, *available at* http://www.pawd.uscourts.gov/sites/pawd/files/lenihan_pp_20161122.pdf. Because a deadline of February 7, 2017 will provide Plaintiff with twenty-one days to respond to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, the Court must deny Plaintiff's appeal of Magistrate Judge Lenihan's response/briefing schedule relative to Defendants' motion. As a final matter for Plaintiff's benefit, the Court notes that Magistrate Judge Lenihan's Practices and Procedures also provide that "[r]equests for extensions

of time and continuances shall be presented by written motion, contain supporting facts and indicate the position of opposing counsel. Reasonable extensions will generally be granted." *Id.*

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's appeal [90] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: January 26, 2017

cc/ecf: All counsel of record;

Ramon Lashawn Milligan
89 Knox Avenue
Apartment 11
Pittsburgh, PA 15210