**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMON LASHAWN MILLIGAN, | ) | |
| | ) | Civil Action No. 15 – 1195 |
| Plaintiff, | ) | |
| | ) | Chief District Judge Joy Flowers Conti |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ALLEGHENY COUNTY, *et al*., | ) | |
| | ) | ECF No. 83 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that the Defendants' Motion

to Dismiss (ECF No. 83) be denied.

## II. REPORT

Presently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint

filed by the Defendants on January 17, 2017. In Plaintiff's Second Amended Complaint, (ECF

No. 75), he alleges that Defendants violated his rights under the Fourth, Eighth and Fourteenth

Amendments of the United States Constitution, as well as Pennsylvania state law. His claims

arise out of allegations that he was over-detained at the Allegheny County Jail and lost 25

pounds in twenty days because he did not receive the special high protein/enhanced diet that he

was medically prescribed while he was there. The Defendants argue that Plaintiff's Second

Amended Complaint fails to allege facts stating any facially plausible claim of constitutional or

other violations by the individual Defendants or Allegheny County and the Allegheny County

Jail Oversight Board. They also argue that the individual Defendants are entitled to qualified

immunity.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusion" or "a formulaic recitation of the elements of a cause of action" *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal.* While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief" a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from

conceivable to plausible." *Iqbal*, at 1951.  The court may not dismiss a complaint merely

because it appears unlikely or improbable that the plaintiff can prove the facts alleged or will

ultimately prevail on the merits.  *Twombly*, 550 U.S. at 563 n.8.  Instead, the court must ask

whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the

necessary elements.  *Id.* at 556.  Generally speaking, a complaint that provides adequate facts to

establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler*, 578 F.3d at 212;

*see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).  In

short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if

established at trial, entitle him/her to relief.  *Twombly*, 550 U.S. at 563 n.8.

Finally, the court must liberally construe the factual allegations of a *pro se* plaintiff's

complaint because pleadings filed by *pro se* plaintiffs are held to a less stringent standard than

formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  If the court

"can reasonably read [the] pleadings to state a valid claim on which [Plaintiff] could prevail, it

should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax

and sentence construction, or [plaintiff's] unfamiliarity with pleading requirements."  *Wilberger*

*v. Ziegler*, No. 08-54, 2009 WL 734728, at *3 (W.D. Pa. March. 19, 2009) (citing *Boag v.*

*MacDougall*, 454 U.S. 364 (1982) (*per curiam*)).

Viewed in the light of the foregoing liberal pleading standards, and with all due

consideration given to Plaintiff's *pro se* status, and taking as true all of Plaintiff's allegations, the

undersigned finds that the circumstances underlying Plaintiff's claims, as reflected in the factual

allegations in the Second Amended Complaint, are sufficient to plausibly allege one or more

causes of action under Section 1983 as against each of the Defendants pursuant to the standards

enunciated in *Twombly* and *Iqbal*.  The undersigned observes that the question as to what date on

which Plaintiff was to be released from the Allegheny County Jail is a question of material fact. The undersigned also observes that whether or not Plaintiff suffered from a serious medical need that required him to have a special diet while in the jail is a question of material fact. Additionally, as to qualified immunity, the undersigned finds that the facts alleged, when taken as true, state conduct in violation of specified constitutional rights. Plaintiff is entitled to an opportunity to further develop the record through the discovery process.

Finally, as to the personal involvement of the individual Defendants and liability of Allegheny County and its Jail Oversight Board, at this preliminary pleading stage and given his *pro se* status, Plaintiff has set forth sufficient allegations to survive the Motion to Dismiss filed by the Defendants. While the Defendants may be entitled to dismissal on a motion for summary judgment, it is premature to do so at this point. Accordingly, said Motion to Dismiss should be denied.

### III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 83) be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: May 18, 2017.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Ramon Lashawn Milligan
89 Knox Avenue Apartment 11
Pittsburgh, PA 15210

Counsel for Defendants
*Via CM/ECF Electronic Mail*